UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LESHAWN JAMES,

    Petitioner,

v.                                                 Case No. 8:11-cv-1208-T-23AEP

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

    James petitions for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state conviction for both attempted armed robbery and armed burglary that involved an assault, for which he is serving thirty years. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 12) The respondent correctly argues that the petition is time-barred.

    The Anti-Terrorism and Effective Death Penalty Act created a limitation for a Section 2254 petition for the writ of habeas corpus. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C.

§ 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

James's conviction became final on August 5, 2008,[*] and the limitation expired one year later, absent tolling for a state post-conviction proceeding. James let 254 days elapse before signing his state Rule 3.850 motion for post-conviction relief. (Respondent's Exhibit 2-A) Tolling continued until August 20, 2010, when the mandate issued. (Respondent's Exhibit 2-J) James had 111 days remaining (365 - 254 = 111). Consequently, James's federal one-year deadline was December 9, 2010 (August 20, 2010 + 111 days = December 9, 2010). James dated his federal petition May 24, 2011, more than five months too late.

Although on June 16, 2010 (before the mandate issued on the denial of his Rule 3.850 motion for post-conviction relief), James commenced a second state motion for post-conviction relief, that proceeding afforded James no tolling because the motion was rejected as time-barred. (Respondent's Exhibit 3-B) As a consequence, the motion was not "properly filed" and entitled to tolling. *Gorby v. McNeil*, 530 F.3d 1363, 1366 (11th Cir. 2008) ("An application that is untimely under

---

[*] James's direct appeal concluded on May 7, 2008 (Respondent's Exhibit 1-D). The conviction became final ninety days later, the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't Corr.*, 292 F.3d 1347 (11th Cir. 2002).

- 2 -

state law is not 'properly filed' for purposes of tolling AEDPA's limitations period."), *cert. denied*, ___ U.S. ___, 129 S. Ct. 1592 (2009).

James recognizes the untimeliness of his petition if he is entitled to no tolling for the second motion for post-conviction relief. (Doc. 22 at 2) James argues that, under *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309, 1320 (2012), he can show cause and prejudice to overcome his procedural default. *Martinez* is inapplicable because, to overcome his untimeliness, James must show either that he is entitled to equitable tolling or that he is actually innocent of the criminal offense.

"When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005), *quoting Carey v. Saffold*, 536 U.S. 214, 226 (2002). However, the statute of limitation is subject to equitable tolling. *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2554 (2010) ("[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling."). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner must meet both requirements, and he controls the first requirement—due diligence—but not the second—extraordinary circumstances. The failure to meet both requirements, especially the one he controls, precludes equitable tolling. "Under long-established principles, petitioner's lack of diligence precludes equity's operation." 544 U.S. at 419. But

- 3 -

"[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'"  *Holland*, 130 S. Ct. at 2566 (internal quotations and citations omitted).

James is not entitled to equitable tolling because he can show neither due diligence nor extraordinary circumstances.  James was diligent in commencing his second motion for post-conviction relief on June 16, 2010, before the August 20th, mandate issued on the first motion for post-conviction relief.  On July 1st, also before the mandate issued, the state court rejected the second motion as untimely.  At that point James still had 111 days (as calculated above) remaining on his federal one-year limitation.  James's federal petition is time-barred because he chose to contest the state court's timeliness ruling on appeal instead of filing a federal petition.

In a remarkably similar case the Eleventh Circuit cautioned in *Gorby*, 530 F.3d at 1366, that an untimely second petition affords no tolling.

> This case turns on whether Petitioner's second successive motion for state post-conviction relief was "properly filed," thus tolling AEDPA's one-year statute of limitations.  If the motion was properly filed, then Petitioner's section 2254 petition was timely.  If the motion was not properly filed, then his petition was untimely and should be dismissed.
>
> . . . .
>
> A state application is "properly filed" when " 'its delivery and acceptance are in compliance with the applicable laws and rules governing filings,' " which typically include " 'the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.' "  *Sweet v. Sec'y, Dept. of Corr.,* 467 F.3d 1311, 1315 (11th Cir. 2006) (quoting *Artuz v. Bennett,* 531 U.S. 4, 121 S. Ct. 361, 364, 148 L. Ed. 2d 213 (2000)).  An application that is untimely under state law is not "properly filed" for purposes of tolling AEDPA's limitations period.  *Id.* at 1316.

*Gordy* was issued two years before James filed his untimely, second state motion for post-conviction relief. But this principle of no tolling for an untimely post-conviction motion was established ten years earlier in *Webster v. Moore*, 199 F.3d 1256, 1258 (11th Cir.) ("Webster's third 3.850 petition, which the state trial court dismissed as procedurally barred by the two-year statute of limitations attached to Rule 3.850, *see* Fla. R.Crim. P. 3.850(b) (West Supp.1999), was not 'properly filed' within the meaning of § 2244(d)(2)."), *cert. denied*, 531 U.S. 991 (2000). Consequently, James is not entitled to equitable tolling.

The second way James can escape the time bar is to show that he is "actually innocent" of the offense. Actual innocence is not a separate claim that challenges the conviction, but a "gateway" through which a defendant may pass to assert a constitutional challenge to the conviction. In other words, actual innocence is a gateway that permits the review of time-barred or procedurally barred federal claims. Passing through the gateway is difficult because "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The new evidence must show that, in fact, James did not commit the offense. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). And the new evidence must compel a finding of not guilty. "A

petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006). James presents no evidence that he is actually innocent of attempted armed robbery and armed burglary that involved an assault.

Accordingly, the petition for the writ of habeas corpus is **DISMISSED** as time-barred. The clerk shall enter a judgment against James and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

James is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Section 2253(c)(2) limits the issuing of a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, James must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, James cannot meet *Slack*'s prejudice requirement. 529 U.S. at

484.  Finally, because James is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  James must pay the full $455 appellate filing fee without installments unless the circuit court allows James to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on July 13, 2012.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE